DOGGE vs. THE NORTHWESTERN NATIONAL INSURANCE COMPANY.

*May 12 — May 27, 1880.*

FIRE INSURANCE. *(1) Provision as to assignment of policy construed.*
*(2) What is fraud by false swearing.*
FINDING. *(3) A referee's finding held defective.*

1. A provision in an insurance policy avoiding it in case of its assignment without the consent of the company, applies only to an assignment made *before a loss* under the policy.
2. In an action on such a policy, the answer alleged that plaintiff had duly assigned the policy to one G. *before the action was brought,* and no longer

had a claim under it against defendant. The referee for trial found that "no sufficient assignment under the terms and conditions prescribed by said policy was ever made and delivered to said G." *Held*, that the finding is defective, not determining the issue made.

3. The policy provided that any claim under it should be forfeited by an attempt at fraud by false swearing, etc. The total amount of insurance was $1,150; the plaintiff, in his proofs of loss, under oath, stated the value of the property at over $5,000; and the referee found its value to be $2,000, but also found that plaintiff did not knowingly, willfully and for the purpose of defrauding defendant, swear to a false statement of the value, but grossly exaggerated its value and quantity in consequence of his imperfect knowledge of the English language, while acting under the direction of the person who aided him in making the proofs. *Held*, that upon these findings plaintiff was not precluded, upon the ground of fraud, from recovering.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action on a policy of insurance against fire. The trial was by a referee; and the defendant's exceptions to the referee's report were overruled, the report confirmed, and judgment rendered thereon for the plaintiff. Defendant appealed from the judgment.

Brief for the appellant by *Dixon & Noyes*, and oral argument by *Mr. Noyes*.

Brief for respondent by *Priest & Carter*, and oral argument by *Mr. Priest*.

COLE, J. 1. With other defenses set up in the answer to defeat a recovery were these: *first*, that prior to the commencement of the action the plaintiff had assigned all his interest in the policy to one H. J. Gerphide, and therefore had no claim on the defendant for the insurance money; and *second*, that there was such fraud and false swearing in the preliminary proofs of loss, in regard to the value of the property insured, as would defeat the action.

In regard to the first defense, it is undeniable that there was considerable testimony introduced which tended to sustain it. The referee found upon this issue, " that no sufficient as-

signment, under the terms and conditions prescribed and required by said policy of insurance, was ever made and delivered to Henry J. Gerphide, as set forth in the answer of defendant herein."

It is claimed that this finding is evasive, and based upon an erroneous view of the right of the plaintiff to make an absolute assignment of his interest in the policy after a loss had occurred. There is certainly an implication in the finding that he could not do this without the consent of the company. But that is certainly a mistaken view of the matter; for, although the policy provides that an assignment thereof, without the consent of the company, will avoid the contract, yet the law is well settled that this only applies to an assignment before a loss under it. After a loss, the claim, like any other chose in action, may be assigned without affecting the insurer's liability. May on Ins., 468; Wood on Ins., 189. Says Mr. Wood on this point: "The contract, while the risk is active, is personal, and the parties contract in reference to the *delectus personæ* of each other; therefore the obligation cannot be changed without the insurer's consent. But when liability actually attaches under the policy, the entire relation is changed, and the relation of insurer and insured is changed to that of debtor and creditor, and the *delectus personæ* of the contract is no longer material." Page 190.

Now it was clearly and positively alleged in the answer that the plaintiff had duly assigned the policy, and all his right thereto and interest therein, to Gerphide, before this action was brought, and no longer had a claim against the defendant. This issue was vital and material, and should have been decided by the referee upon the testimony relating to it. A finding that there was " no sufficient assignment under the terms and conditions," etc., implies that there was an assignment of the policy, but that it was invalid because prohibited by the condition therein. The finding, therefore, upon this issue is defective and cannot stand. The defendant is entitled,

under the answer, to have that issue passed upon and decided.

2. The value of the property destroyed seems to have been largely overstated in the preliminary proofs of loss. The plaintiff, in such proofs, stated the value to be more than $5,000. The referee found the value to be $2,000. The referee likewise found that the plaintiff, in making proofs of loss for the purpose of establishing his claim under the policy, did not knowingly, willfully, and for the purpose of defrauding the defendant, swear to a false statement of the value of the property, but that he grossly exaggerated its value and quantity, in consequence of his imperfect knowledge of the English language, while acting under the direction of the person who aided him in making the proofs. But, according to the finding of the referee, the actual value of the property destroyed exceeded the amount of insurance upon it. Under these circumstances, if the plaintiff did honestly, or without any fraudulent intent, place an extravagant valuation upon the property, it would not prevent a recovery upon the policy. *Parker v. The Amazon Ins. Co.*, 34 Wis., 364; *Ins. Cos. v. Weides*, 14 Wall., 375; *Williams v. Phœnix F. Ins. Co.*, 61 Me., 67; *Moore v. Protection Ins. Co.*, 29 Me., 97; *Franklin F. Ins. Co. v. Updegraff*, 43 Pa. St., 350; *Marion v. Great Republic Ins. Co. of St. Louis*, 35 Mo., 148; *Wolf v. Goodhue F. Ins. Co.*, 43 Barb., 400.

Nothing is more common in the affairs of life than for men to overvalue their property; and when, as the referee finds in this case, it is not done with any fraudulent purpose, it should not avoid the policy. "It is only fraudulent false swearing in furnishing the preliminary proofs, or in the examinations which the insurers have a right to require, that avoids the policies." 14 Wallace, 183. The discrepancy between the value of the property as found by the referee, and as stated by the plaintiff in his proofs of loss, is not so great as to warrant a court in assuming that the overvaluation was made with a

frandulent intent, or for the pupose of obtaining some undue advantage over the company. The counsel for the defendant, it is true, suggested that such overestimate was probably made to induce the company to make a speedy settlement of the claim and pay the loss without any close scrutiny as to the real value of the property destroyed. But the finding of the referee relieves the plaintiff from the imputation of any fraudulent intention or purpose in the matter; and we cannot say the finding is wrong, upon the evidence. The testimony on another trial may be different, and we therefore refrain from any further comment upon it. But there is a great conflict in the evidence as to whether there was a valid assignment of the policy prior to the commencement of the action, and we think the rights of the parties require that there should be a new trial of this, together with the other issues in the cause.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial ordered.