·Vergeront, Respondent, vs. The German Insurance Company, Appellant.

*November 9 — November 28, 1893.*

*Insurance against fire: Proofs of loss: Waiver of objections: Overestimate by insured: Fraud.*

1. All objections to the proofs of loss furnished by the insured are waived by the company keeping them without complaining of any defect or objecting to payment at the time.
2. An over-estimate by the insured of the value of his property and the amount of the loss, if unintentional and with no purpose of defrauding the company, will not preclude a recovery for the loss.

APPEAL from the Circuit Court for *Richland* County.

Action upon a policy by which plaintiff's stock of goods was insured against loss by fire to the amount of $1,000. The facts are stated in the opinion. The defendant appeals from a judgment in favor of the plaintiff.

*L. H. Bancroft*, for the appellant.

*F. W. Burnham*, for the respondent.

Orton, J.　This action was brought by the respondent on a policy of insurance issued by the appellant company on the 12th day of February, 1891, on a stock of general merchandise within a store building in the village of Cazenovia, in Richland county, the property of the plaintiff. The said stock of goods, and the building containing them, were burned on the 7th day of March, 1891, and were a total loss. The policy was negotiated on behalf of the company by their local agents at Richland Center, Pease, Bros. & Co., one of which firm was one Homer Clark. The value of the goods was represented in the application for insurance to be $3,384, and the plaintiff testified as a witness that the value of the goods burned was from $2,500 to $3,000; and the verdict finds the value of the goods lost to have been

$2,800, and the plaintiff's damages to be $1,000 and interest. The only questions raised on this appeal are those of fact, and no error of law is assigned. The contention of the learned counsel of the appellant is that special findings of fact by the jury are not sustained by the evidence. The points made in appellant's brief will be considered in their order:

1. That the plaintiff did not furnish to the company the proofs of loss as required by the policy. On that question the said Homer Clark, agent, testified, in effect, that the plaintiff brought into his office some bills, and he footed a part of them and sent them to the company, and he also sent to the company a typewritten blank of the company, filled out and signed by the plaintiff, as the proof of loss. A statement, copy of affidavit, and other papers, stating the amount of the loss, were also sent by him to the company. The witness, having refreshed his memory, testified that the printed proof of loss, copy of invoice, and affidavit of its correctness, attached, were made out and found to be correct by Mr. Hoebgin, the general agent at Milwaukee, and sent to the company. Mr. Hoebgin testified that he prepared a regular form, called "proof of loss," and an affidavit, except the jurat, and they were sent to the company, and then said, "We make no point on that." The plaintiff was also sworn before a justice, and fully examined by the agents in respect to his loss. The company kept, and never returned, these proofs of loss sent to it, and never complained of the want of them or any deficiency in them, and never made that an objection to payment at the time. Under such circumstances the proofs of loss were sufficient, and the company waived all objection to them. *Killips v. Putnam F. Ins. Co.* 28 Wis. 472; *Badger v. Phœnix Ins. Co.* 49 Wis. 396.

2. That the plaintiff overestimated the value of the property insured and the amount of his loss. That is very

much a mere matter of opinion, upon which persons might well differ. The plaintiff testified that such was the value of the property insured, and the value of the goods burned was from $2,500 to $3,000, and the jury found such value at $2,800. Other witnesses disagreed with the plaintiff as to such values. But there was clearly no intention of the plaintiff to overestimate such values, or to defraud the company. *Dogge v. N. W. Nat. Ins. Co.* 49 Wis. 501.

3. There were more powder and inflammable oils in the building than represented or allowed. The testimony of other witnesses as to the amount of these articles kept in the store was fully explained by the plaintiff, and the fact reiterated by him that there never was at one time more of those articles than the policy allowed kept in the building. The jury had the right to believe the plaintiff, as they evidently did.

These are all the points specifically made in the appellant's brief. We have examined the testimony sufficiently to be satisfied that the special verdict and findings of the jury are sustained by it.

*By the Court.*— The judgment of the circuit court is affirmed.