Bissell, J.
The legal question presented is a novel one and the labors of counsel have resulted in the discovery of no case which is on all fours with this, nor have we with considerable labor been able to find any adjudication which fits the issue and determines it. The appellant has argued the case somewhat on the theory that where one party to a contract which requires performance of divers acts on his part, fails in any particular, he may not bring suit on the contract and recover where he alone is responsible for the breach. This is generally true, and if the plaintiff had received any consideration he doubtless could not maintain an action to compel the society to reimburse him for his outlay where he was the one in fault. The appellee has argued the case on the hypothesis that in case of a rescission, the party rescinding must put the other in statu quo in order to entitle himself to the benefit of the rescission upon the general principle, that whenever one party seeks to rescind, he must restore the other to the position *198 lie occupied, before the contract was entered into. Neither proposition is entirely applicable. In the present case Welch broke the contract and the subsequent action of the Savings Society was not a rescission in an accurate sense, but ivas simply the enforcement of the forfeiture for which the contract provided and which the society was entitled to insist on when Welch failed to comply with its terms. In the matter of conditional sales of personal property, where the title remains in the vendor until the completion of the payment and there is a breach by the vendee 'and the vendor takes possession, ordinarily, the vendee is not in a position to claim the full benefit of his partial payments. The authorities generally agree that in cases of that description, while the vendee may under some circumstances have a cause of action against the vendor for the amount lie has paid, yet he may not recover it in its entirety because his right is limited and reduced by the legal privilege which the other enjoys to recoup the damages which he has sustained by reason of the breach of the contract. This case has been well illustrated in many decisions and a few which are illustrative of the principle applied in tins case will be cited. Preston v. Whitney, 23 Mich. 260 ; Miller v. Steen, 30 Cal. 402; Latham v. Sumner, 89 Ill. 233; Fleck v. Warner, 25 Kan. 492.
These cases are not in any sense decisive of this issue, but as illustrations they serve to point out the basis on which the courts have proceeded. Many cases of insurance contracts have been called to our attention, but we regard none of them as in point. Some of course hold that where an insurance policy has been issued and the premium paid, and the company sees fit to cancel its policy, it must on cancellation return the unearned premium charging the insured short rates for the time for which his property has been protected by the policy. The distinction between those cases and the present undoubtedly is that the policy holder receives value in the shape of protection and is bound to pay for the protection which he has received, and the company has the right to retain such proportion of the premium as is equivalent to *199 the risk which they carried. Necesáarily the policy holder could not recover any part of the premium properly applicable to the insurance term which he enjoyed. In the present case, however, we have a peculiar contract. It is very difficult to define it, or describe it by a legal term which will convey a correct idea of what it is. It is neither a bond, a promissory note, or an insurance policy although it has some of the elements of those contracts. By the original agreement the society promised to pay Welch a given sum of money at a fixed time, to wit, §1,000 eight years after date, plus any surplus which might be earned and the proportionate interest which the person holding the promise might under the conditions of the organization of the society enjoy in its accumulations. It is a promise without any present consideration, though doubtless if the holder of the certificate had kept up his part of the agreement and made his monthly payments of §5.00 for eight years, the consideration though subsequently paid, would have supported an action against the society on the promise and he could have insisted on the payment of §1,000 if the company was solvent. It is not an insurance policy because it is one with an absolute maturity at a fixed date and does not cover either the property of the promisee or his life expectancy. The appellant argues that a grievous hardship will be worked on the society if it should be adjudged that after a forfeiture by the promisee the society is liable to repay to him any part or portion of the money which he has paid, insisting that the condition of forfeiture contained in the stipulation indorsed on the back of it, is absolutely determinative of that right, and to compel the society to repay would deprive them of the funds essential to their existence. The contract looks very much like one devised to seduce the unwary and to obtain money from a class of people unfamiliar with business and its limitations and who are easily lured by promises of large gains with small expenditures. The contract in our judgment ought not to be sustained unless we are absolutely forced by some legal principle to uphold it. It is very evident from its terms that it is a *200 promise to pay more money than any legitimate business can undertake to return to the promisee within the time named, and on the basis of the payments provided for. The sum total of the money which under the contract the promisee must pay is $480. The interest at the legal rate of eight per cent could in no event added to the principal make three fourths of the amount the society agrees to pay. Any corporation, organization, partnership or society organized ostensibly as a savings institution for the benefit of small depositors cannot legitimately undertake to return more than the money which the party pays in, plus the ordinary rate of interest which money bears in this community. It is only, as the appellant suggests, on the basis of these forfeits that the company could undertake to make any such return. The society which has this principle for its substratum ought not to be called a savings society and be permitted to do business as a society for the protection of the savings of the people, when the only possibility of its success is in the absorption of money lost by failure and inability of depositors to keep up their payments. If there was any protection to life or to property, or any advantage to the promisee other than the gambling chance of winning at the expiration of a long term more money than he had deposited plus his interest, there might be some excuse for.the existence of such contracts and some reason why the courts should uphold them. There is no element of that description in the contract. The only theory on which the appellant can maintain it, is that which he has asserted, — an existing contract between the parties which entitles the society to enforce a forfeiture. Forfeitures are never favored and to entitle a party to insist on them and compel the other party to lose what he has paid, there must be a distinct and specific agreement between the parties from which the right of forfeiture can be extracted. This right must be expressed in plain and definite terms and we must be able to read in it a specific provision to that effect. If this was true there would be no question respecting its enforcement. Parties are bound by any contract winch they *201 make, and if the contract provides for a forfeiture even though it would work a hardship or injustice, they must abide by their agreement.
As we read the stipulation there is no provision for a forfeiture which reaches and extends to the money which the promisee pays. Under the terms and limitations indorsed on the back of the certificate, the promisee agreed that the promise of the society should be no longer enforceable in case of his failure to pay. This we concede, and this the plaintiff admits. He is not seeking by this action to enforce the certificate or any rights thereunder, but is simply attempting to recover from the society the money which he has paid and as we think he may do, subject of course to the right of the society to recoup whatever injury or damage they may have sustained. Had the company seen fit to answer and set up losses by bad investments, expenses, management of their business, or any other legitimate charge on the money which the party paid in, they could thereby have limited the plaintiff’s recovery. It is quite true, and we are ready to admit that as a general proposition the plaintiff could not recover the $90.00, ,but he may recover it unless the defendant sees fit to recoup the damages it has sustained by reason of his breach. Since they saw fit not to plead matters by way of recoupment or set-off, but relied on the demurrer, based on the general proposition that there is no right of recovery by the plaintiff and that he lost it by reason of his failure to pay in accordance with the terms of the stipulation, there can be no result to this appeal except the affirmance of the judgment. There is a right of recovery in the plaintiff to some extent. The demurrer concedes that his recovery is measurable only by the amount of money he has paid.
We believe the plaintiff had a right to sue for $90.00, and there being no set-off pleaded, could recover the whole of it.
We find no basis for the appellant’s contention • that the cause of action in favor of his wife was not assignable. While it is generally true that stipulations forbidding assignments are obligatory, yet the limitation on the right to assign only *202 extends to the contract itself and does not exist after a breach nor does it apply to the right of action which came to the plaintiff after forfeiture. Dogge v. N. W. Nat. Ins. Co., 49 Wis. 501; Mellon v. Hamilton Fire Ins. Co., 17 N. Y. 609.
The plaintiff stated a cause of action in his complaint, the demurrer was properly overruled, and the judgment thereon will accordingly be affirmed.

Affirmed.