Swing, J.
This cause is submitted to me upon an agreed statement of facts. The plaintiff had a policy of insurance against injury by accident in the defendant company, issued March 12, 1906, by the company, agreeing to pay him should he be injured, $8 per week. On May 17, 1906, plaintiff fell and broke his left leg and was disabled and incapacitated from performing work and transacting business for fifteen weeks. On June 12,1906, the company paid plaintiff $27.50, which it claims was a payment in full under the policy. The plaintiff had paid monthly dues of premiums up to the time of the accident, of $1 each, one dollar being paid June 12, 1906, three days before the accident. The policy was in force at the time of the accident, the payment for the month of June having been made. The policy insures the person named against bodily injury caused by accident, etc., which shall, immediately following the receipt of the premium, wholly and continuously *98 disable and prevent the insured for one week or more, from transacting any and every kind of business, etc., at the rate of $8 per week from the date of the first personal attendance by a registered physician, etc., during the period of attendance by such physician, not to exceed fifty-two consecutive weeks.
In this case the disability was fifteen weeks as above stated. The policy contained the following condition:
“The actual payment of the respective premiums on the date when due or within seven days thereafter, whether the insured is entitled to indemnity at the time or not, is a condition precedent to the renewal of this policy for another term. If not so paid this policy shall be deemed to have lapsed on the date when the premiums were due. All premiums are payable at the home office of the company without notice.”
The policy also contained the following condition:
“In consideration of the warranties in the application herefor, a copy of which is annexed hereto and made a part hereof, the payment of the policy fee, and the payment on or before the date hereof and monthly thereafter of the two several premiums for the Casualty Element and Life Element respectively, does hereby insure the person named.”
The plaintiff claims that he is entitled to receive from the defendant the sum of $8 per week for the entire time during which he was disabled — -fifteen weeks — making a sum of $120, less a. credit of $27.50 paid by the company June 12,1906. The plaintiff further claims that if there were anything due him in benefits under the policy at the time he stopped payment, after the accident, the same should be used as an off-set against the premiums due- to the company.
The defendant claims that by virtue of the condition above set forth as to payment whether the insured is entitled to indemnity or .not, the plaintiff is not entitled to recover anything on this-policy, because it has lapsed for non-payment. The defendant further claims that assuming that the policy had not lapsed and that there was anything due the plaintiff thereon, by virtue of the above condition the company is not bound to apply anything on the premium, but on the terms of the condition, the *99 plaintiff was bound to make actual payment of the premiums when due, or within seven weeks thereafter.
The decision of the case depends upon the effect of the con-, dition above quoted, to-wit, that the actual payment of the respective premiums when due, etc., whether the insured is entitled to indemnity at the time or not, is a condition precedent to the renewal of this policy for another term; if not so paid, this policy shall be deemed to have lapsed on the date when premiums should be due.
I am called upon to determine the meaning and effect of that condition. In the case of Burkheiser v. Mutual Accident Association of the Northwest, U. S. C. C. of Appeals, Seventh Circuit, 61 Fed. Rep., page 816, the syllabus is as follows:
“A mutual benefit association insured its members ‘against personal bodily injuries effected during the continuance of membership in this insurance through external, violent and accidental means,’ and against death resulting from such injuries within ninety days after the accident. Held: that where a member died within ninety days after an accident that caused his'death, the fact that before his death he ceased to be a member because of default in paying an assessment falling due after the accident, did not relieve the association from liability, since its liability became fixed at the time of the accident."
It is said in the opinion in that ease that on the 20th day of December, 1890, the plaintiff met with an accident within the terms of the policy and died on the 23d of January, 1891. On the 15th day of December, 1890, before the accident, the company levied an indemnity assessment on its members, payable January 15, 1891, notice of which was given to the plaintiff December 15, 1890. The defendant pleaded this assessment and the failure of plaintiff to pay it, and claimed that by reason-thereof and by force of the by-laws, he ceased to be a member from and after the 15th day of January, 1891, whereby the policy was wholly discharged and 'annulled. The by-laws was as follows:
"‘Any member who shall fail or neglect to remit to the association the amount of any assessment made upon him within thirty’ days from the date the notice thereof was sent, shall cease to be a member of the association,”
*100 At the trial the court instructed a verdict for the defendant. The reviewing court in the opinion say:
"If liability for an accidental injury came to an end when Mr. Burkheiser, by reason of default in payment of an assessment, ceased to be a member of the association, the instruction was correct; * * * if not, the instruction should have been for a verdict for the plaintiff.”
It is further said:
“The policy insures against personal bodily injuries effected during the continuance of membership,” etc.
It is also said that:
"The policy was clearly designed * * * to indemnify for injuries sustained during membership.”
Also:
“The contract with respect to liability of the company had relation to the time of the happening of the accident, not to the time of the final outcome of the injury, or to the time when liability should be discharged by payment. The liability of the association became absolute upon the occurrence of the accident."
Then it is said:
“There was no obligation on the part of the assured to continue in membership after an injury, nor does his failure so to do result in forfeiture of indemnity for injuries theretofore received, or in discharge of liability theretofore incurred.”
Then follow these words, upon which defendant in this case lays stress:
“We search the policy in vain for a suggestion that that liability should be released or discharged if, through default in payment of an -assessment the assured should, after the incurring of the accidental injury, cease to be a member of the association. By failure to honor the assessment, he indeed ceased to be a member of the association and could no longer look to the company for idemnity for accidental injury thereafter occurring; but by no term of the contract and by no provision of the by-laws does such cessation of membership work a forfeiture of rights accrued, or release the company from legal liability incurred *101 under the policy during continuance of membership. The membership ceases; the legal liability for previous accidental injury remains.”
It is claimed by counsel for defendant that this last statement of the court in that case implies that if the policy had provided for its termination through default in payment of an assessment after the injury was sustained, such provision would have been effective, and it is claimed that the policy in the present case does contain such provision in the condition above set forth.
The condition of the policy seems to be peculiarly worded. It makes the actual payment of the respective premiums when due, a condition precedent to the renewal of the policy for another term, whether the insured.is entitled to indemnity at the time or not. The construction claimed by defendant must have the effect to make it necessary that the assured shall continue his policy in force after the accident, if he is to receive any benefit from it. This would mean that the payment of premiums before the accident, no matter how long continued, could have no effect to give him insurance unless he continued the payments after injury. The condition so construed would,make the benefits to be derived, depend wholly upon payments made after the accident and not upon payments made before. Another way of stating it is that the policy provides that it must be renewed from month to month after the accident happens or there is no insurance, no matter what may have been paid before the accident. It means also that the defendant company may withhold payments from the assured after the accident and that he shall have no right to have such payments credited on his premiums ■ to keep the policy alive, but must pay the premiums and trust to the company to pay him the indemnity.
I do not know whether the company inserted this condition of the policy with this understanding of its meaning or not. Perhaps it did. But construing the policy as favorably to the assured as can be, which I understand the law requires, I am inclined to hold that the meaning of the condition expressed in the policy is that where one has been injured and is entitled to *102 benefits, or whether he has been injured and is so entitled or not, the payment of the premium is a condition precedent to the renewal of the policy as an insurance against future injuries, not as a condition of the payment of the indemnity for injuries before sustained. The assured might be injured, disabled, and entitled to his indemnity for that injury and disability,, but still desire to continue his policy as an indemnity against future injury, and in such case he must, according to what I think is a not unreasonable construction, pay his premiums when due, even though the company should at the time owe him money for injuries sustained. I think the words, “a condition precedent to the renewal of this policy” may fairly be construed to be a condition precedent to its renewal as an indemnity for future accidents. It would be a hard case if the insured had paid his premiums a long time before the accident and if after the accident, being “wholly and continuously disabled,” he should not be able to continue his payments of premiums, he should find himself without indemnity for the injury sustained. If it should be said that he could take his $8 per week and pay his premiums out of it then it would seem to follow that his insurance really never amounted to $8 per week, but a less sum. I think the construction I have given is more reasonable.
But if this is not the proper construction of the condition of the policy, there is authority for holding that a condition such as defendant claims the condition in this policy to be, is inoperative. It is true that in the ease of Burkheiser v. Mutual Accident Assn. Co., supra, the court by making mention of the absence of any such condition from the policy might be thought to imply that if there had been such a condition it would have altered the ease, but the point did not arise in that case and'it was not necessary that it be decided there. But the case of Seyk v. Millers National Ins. Co., Lawyers Reports Ann., Book 3, 1889, Wisconsin Supreme Court, page 523, bears upon the question as to the force and effect of such a condition. That was not an accident case but a fire insurance ease, but it was claimed that the policy became void for the non-payment of an assessment after a loss. It is said:
*103 “By reason of the destruction of the insured property the obligation of the insurer to pay the loss became absolute subject only to the conditions that due proofs of loss should be made. Thus relation of debtor and creditor existed between the parties when the plaintiffs made default in respect to the assessment, and it is immaterial that the amount of the loss was not actually due when the assessment became payable. The bylaws do not provide that a default after loss shall forfeit such indebtedness, but only the contract of indemnity; and when the default occurred there was no contract to be forfeited. But had the by-laws contained the additional provision that a default in the payment of an assessment after the liability of the insurer on the policy had become fixed and absolute (which it does not) we should then have the question decided in Dogge v. Northwestern National Insurance Company, 49 Wis., 501, and in Alkan v. New Hampshire Insurance Company, 53 Wis., 136, wherein it was held that, after liability actually attaches under the policy, the entire relation between the parties is changed from that of insurer and insured to that of debtor and creditor; and clauses in the policy which provide that certain acts or omissions of the insured shall invalidate it are inoperative.” See also, 2 Wood, Ins., p. 758, Section 361.
“We think the rule and reasoning of those cases would be applicable here, did the by-laws of the company contain the provision above suggested; and we should be compelled to hold the provision void.”
In the case referred to of Dogge v. Northwestern National Insurance Company, 49 Wis., 501, the court say on page 503, quoting Wood on Insurance, 189, as follows:
“The contract while the risk is active is personal and the parties contract in reference to the delectus personae of each other; therefore the obligation can not be changed without the insurer’s consent.' But when liability actually attaches under the policy the entire relation is changed and the relation of insurer and insured is changed to that of debtor and creditor, and the delectus personae of the contract is no longer material.”
In Alkan v. New Hampshire Insurance Company, 53 Wis., 136, above referred to, it is said in the syllabus :
“A condition in a policy, purporting to invalidate the contract of insurance for an assignment made after the insurance *104 money becomes due, would be void as inconsistent with the covenant of indemnity and as contrary to public policy.”
The court say in the opinion, page 145:
“It is an elementary rule of law that if a condition or exception in a gift or grant inconsistent with or repugnant to the nature of the estate given or granted, is void, it must be rejected. ”
After citing instances, the court say:
“No good reason is present why the rule is not on principle equally applicable to covenants and contracts. If it is, then it seems very clear that a condition in a policy of insurance that an assignment after loss and especially .after the liability of the insurer has become absolute by compliance on the part of the assured with all conditions subsequent, shall forfeit the contract and invalidate the policy, is in like manner void, for certainly such a condition is entirely inconsistent with the contract of indemnity after the liability of the insurer has become absolute, and only the ordinary relation of debtor and creditor exist between insurer and assured.”
The court further say on pages 146 and 147, referring to and quoting from the decision of the Supreme Court of Pennsylvania in West Branch Insurance Company v. Helfenstein, 40 Pa. St., 289, quoting from the opinion of Justice Woodward, as follows:
“The policy, bristling all over with sharp conditions, has one for this occasion, and the company attempt to impale the plaintiff upon it. The condition is, that neither the policy nor any claim thereunder shall be assigned either prior or subsequent to a loss, except with the consent of the company manifested in writing; and in case of transfer, without corporate consent, ‘this policy shall thenceforth be void and of no effect, and any liability of said corporation upon such claim shall thenceforth cease.’
“However competent it was for the company to make their contract of insurance dependent on such a condition, it was not competent for them to limit the legal effect of a claim thereunder after loss."
It seems to me that where one takes a policy of insurance against injury by accident, and pays the premium and the accident insured against occurs and injury is sustained, a provision in the policy that no indemnity shall be paid unless the assured *105 shall continue the policy in force' after the injury, is inconsistent with and repugnant to the insurance provided. Tó say we will insure you against injury by accident for a premium of so much per month provided you will continue the insurance and pay the premiums after the accident and thus keep the policy in force as long, as the disability exists, seems to me unreasonable. It is a little difficult to say in such a view, what the premiums before, the accident were paid for.
A person taking such insurance, I think, could, hardly be held to have understood unless it was very clearly expressed, that if he paid his premiums with a view to procuring indemnity for injuries by accident, he would not have the indemnity unless he, after the injury, continued the insurance.
I can not but think that the construction I have given above to the provision of the renewal of the policy, namely, that it is a renewal against further accident and injury, is the more reasonable; and I can not but think that if the construction contended for by the defendant is the true construction the condition ought to be held inoperative.
A judgment for the plaintiff will therefore be entered.