## No. 12,718.

### BOISE-PAYETTE LUMBER COMPANY *v.* LONGWEDEL ET AL.
(295 Pac. 791)

Decided December 8, 1930. Rehearing denied January 12, 1931.

234

Mr. CHARLES W. V. FEIGEL, for plaintiff in error.

Messrs. MARTIN, NEWCOMER & FITZGERALD, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court, and for convenience we refer to them as plaintiff and defendants, or by name.

Plaintiff sought the enforcement of mechanic's liens as against a deed of trust held by defendant Autrey, and to review a judgment entered against it, prosecutes this writ and asks that it be made a supersedeas.

The cause is submitted on an agreed statement of facts. It appears therefrom the plaintiff furnished the lumber and materials for a dwelling, and one Collins did the plumbing. Each filed a lien and Collins assigned to plaintiff who brought this suit to foreclose both. Autrey's deed of trust was of record and known to plaintiff and Collins before any of their rights accrued.

Collins had practically completed his work prior to March 2, 1928. He did nothing thereafter save connect the water front in the kitchen range on September 22 following. That work was worth $6.75. Plaintiff furnished its first material December 6, 1927. The building was not actually completed until November 1, 1928, but the owners moved into it some seven months before that date, and all work ceased from April 15 to July 5 of that year. Both liens were filed November 2, 1928.

At the time work on the structure ceased there were no unused materials on the premises. That cessation was not secret, and during the period thereof the builders were engaged elsewhere. Approximately five-sixths of the material furnished by plaintiff was furnished before that time, and one-sixth thereafter.

There are but three assignments of error and these present two questions only: (1) Was the trial court correct in holding that the cessation from labor came within the provisions of section 6450, C. L. 1921? (2) Does the provision of said section constitute a limitation on the time for filing liens, as the trial court held, or is it a mere privilege given the lien claimants?

The portion of said section in question reads as follows: "Any trivial imperfection in, or omission from the said work, or in the construction of any building, improvement or structure, or of the alteration, addition to or repair thereof, shall not be deemed such lack of completion as to prevent the filing of any lien; and in case of contractors, the occupation or use of the building, improvement or structure by the owner, or his representative, or any other person with the consent of the owner or his agent, or the acceptance by said owner or his agent of said building, improvement or structure, shall, for the purpose of this act, be deemed conclusive evidence of completion; and cessation from labor for thirty days upon any unfinished contract or upon any unfinished building, improvement or structure, or the alteration,

addition to, or repair thereof, shall be deemed equivalent to a completion thereof, for all the purposes of this act.''

1. If any effect is to be given the first portion of the statute quoted, the last work done by Collins must be held to be ''trivial''; and if any effect is to be given that portion concerning a thirty-day cessation of work, the cessation of April 15 must be ''deemed equivalent to a completion, thereof.'' Hence the time for filing liens for work done and material furnished prior thereto began to run thirty days from that date, and these liens were filed too late, unless plaintiff's second contention is good.

2. If such cessation is ''deemed equivalent to a completion thereof, *for all the purposes of this act,''* it would seem impossible, without doing violence to the express language, to hold this a mere privilege extended to lien claimants. The same section provides that, ''All lien statements of all * * * material men [which includes those here in question] * * * must be filed for record after the last labor is performed or the last material furnished for which the lien is claimed and at any time before the expiration of two months next after the completion of such building.'' If the cessation clause is but the extension of a privilege, then cessation for thirty days is clearly not completion ''for all the purposes of this act.'' So unequivocal seems the statute itself that only an express decision of our own court to the contrary, or such a decision of the court of last resort of the state from which the act was taken, rendered before our adoption of it, should give us pause. We find none such.

The quoted portions of our mechanic's lien law were adopted in this state in 1893, apparently from California, where they had been in force at least six years prior thereto. In 1890 the Supreme Court of that state held that cessation was in fact completion and that the statute was not one merely granting a privilege. *Kerckhoff-Cuzner Co. v. Olmstead,* 85 Cal. 80, 24 Pac. 648. In that case two of the Justices dissented and the argument here made is that later California decisions have, by infer-

ence, overruled the majority and approved the minority opinion. As supporting that position our attention is called to *Hammond L. Co. v. Barth Inv. Corp.*, 202 Cal. 606, 262 Pac. 31; *Robison v. Mitchel,* 159 Cal. 581, 114 Pac. 984.

Considering this question solely in the light of the California statutes and cases, we think the Kerckhoff decision, still stands. Bearing in mind that in 1897 California, amended her statute, apparently to meet the objection pointed out in the minority opinion (which amendment is not found in our law), and again amended it in 1911 and 1919. See *Pence v. Martin,* 43 Cal. App. 626, 185 Pac. 503; *Buell & Co. v. Brown,* 131 Cal. 158, 63 Pac. 167; *Sunset L. Co. v. Bachelder,* 167 Cal. 512, 140 Pac. 35, Ann. Cas. 1916B, 664; *Hogan L. Co. v. Boyle,* 177 Cal. 477, 170 Pac. 1106.

But in any event no judgment of the Supreme Court of California in any way weakening the opinion in the Kerckhoff case was pronounced prior to our adoption of the act, and under a well settled rule of construction we took it as so interpreted.

The Colorado cases which have touched upon this subject are cited by counsel as supporting their respective positions. They are: *Joralmon v. McPhee,* 31 Colo. 26, 71 Pac. 419; *State Bank v. Plummer,* 54 Colo. 144, 129 Pac. 819; *Atkinson v. Colo. T. & T. Co.,* 59 Colo. 528, 151 Pac. 457; *Small v. Foley,* 8 Colo. App. 435, 47 Pac. 64; *Burleigh B. Co. v. Merchant B. & B. Co.,* 13 Colo. App. 455, 59 Pac. 83.

The arguments made therefrom are by inference, since the particular question now under consideration was not adjudicated. We find nothing in any of these cases, however, which justifies the conclusion that this statute should be construed to say what it does not say, contrary to what it does say.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BUTLER and MR. JUSTICE MOORE concur.