[No. 4995.]
[No. 2542 C. A.]

## SEELY ET AL. v. NEILL ET AL.

1.  Mechanics' Liens—Tenancy in Common—Notice of Ownership
    —Enforcement of Lien. ·

The defendant company became the purchaser of an option on a certain tract of land owned by three tenants in common, accepted said option in writing and made a cash payment and suitable arrangements for the balance. The written acceptance also provided that the company should enter into immediate possession for the purpose of making improvements, and this acceptance was signed by one of the tenants in common in her own right and as guardian of another co-owner, subject to the permission of the county court allowing the sale of such minor heir's interest. Plaintiffs, thereafter and between the 19th day of May and the 28th day of August, furnished the material for the improvements made thereon, and on the tenth day of September served notice in writing upon the defendant company that they claimed a lien on said premises for the material so furnished, and on the following day filed their statement with the county clerk and recorder, as required by the statute governing mechanics' liens, Sess. Laws 1899, c. 118. On the 2nd day of July the owners of the land conveyed the same by deed to the defendant company and the company in turn executed a trust deed for the deferred payments, but such deeds were not recorded for several months afterwards. No notice of ownership by the tenants in common was given, as required by § 5 of said act, in order to avoid the liability for such improvements. Held, in an action to enforce such lien against the premises, that the lien was not prematurely filed; that said trust deed is superior to such lien so far as the interests of the minor heir and the tenant in common not signing the option is concerned, as there is no showing that they had notice of such improvements being made, but the lien claimants are entitled to have the premises sold, subject to incumbrance, as well as the buildings in which this material was used, to satisfy their claim; and that the entire interest of the tenant in common who signed the option is subject to such lien, as she neglected to give the notice required by § 5, c. 118, Sess. Laws 1899.—P. 201.

2.  Mechanics' Liens—Enforcement of Lien—Complaint—Sufficiency.

Where, in an action by material men to enforce a mechanics' lien, the complaint gave a description of the land by legal sub-

divisions and alleged that the material furnished was used in the erection of the buildings thereon, it is not necessary to further allege that the land sought to be subjected to the lien is necessary for the convenient use and occupancy of the buildings, for, although the lienor is only entitled to the quantity of land necessary for the convenient use and occupancy of the buildings, it will be presumed, in the absence of pleading or proof to the contrary, that the land so described is necessary for such purpose.—P. 202.

*Appeal from the District Court of Weld County.*
*Hon. Christian A. Bennett, Judge.*

Action by William M. Neill and James E. Neill, copartners doing business under the firm name and style of Neill Brothers, against Kate S. Seely, May H. Seely, Kate S. Seely as guardian of George H. Seely, minor heir of Joseph S. Seely, deceased, and The Seely Lake Recreation and Amusement Company, a corporation. From a judgment for plaintiffs, defendants appeal.

*Reversed with directions.*

Mr. H. E. CHURCHILL, for appellants.

Mr. E. A. THOMPSON and Mr. S. A. OSBORN, for appellees.

Mr. JUSTICE STEELE delivered the opinion of the court:

Suit was brought by the plaintiffs (appellees here) to enforce a mechanics' lien on certain land situate in Weld county. The complaint alleges that the plaintiffs, at the special instance and request of The Seely Lake Recreation and Amusement Company, furnished certain materials for the erection and repair of a dwelling house, bath house, ice house, dancing pavilion, office, and other buildings upon the premises mentioned in the complaint; that the materials were furnished between the 19th day of May, 1900, and the 28th day of August in said year, to the

value of $864.00, and that no part or portion of said amount has been paid except the sum of $50.00; that the materials so furnished were actually used in and about the erection, construction and repair and improvement of said buildings and premises aforesaid; that on the 11th day of September, 1900, the said plaintiffs filed their statement in the office of the clerk and recorder of Weld county, Colorado, containing a notice of their intention to hold and claim a lien upon the premises described, together with a description of the premises to be charged thereunder, and upon the said 10th day of September they served notice in writing upon The Seely Lake Recreation and Amusement Company provided by statute. They pray for judgment for the sum of $814.00 and for the foreclosure of their lien.

At the time the materials were furnished the property mentioned was owned by Kate S. Seely, May H. Seely and George B. Seely, minor heir of Joseph H. Seely; Kate S. Seely owning one-half thereof, and May H. Seely and George B. Seely, minor, each owning a one-quarter interest therein. Judgment was rendered for the plaintiffs foreclosing the lien and ordering the property sold to satisfy their lien, subject, however, to a prior incumbrance of $3500.00.

The judgment is brought here for review by Kate S. Seely and others, who appeared in the cause, filed an answer and participated in the trial. The testimony shows that in May, 1900, The Seely Lake Recreation and Amusement Company, having become the purchaser of a certain option upon the premises mentioned, accepted the same in writing and agreed to pay for the said property the sum of $9500.00, paying part cash and providing that the deferred payments should draw interest at seven per cent. per annum. It was also provided in the written

acceptance that the company should enter into immediate possession of the property for the purpose of making improvements thereon. Kate S. Seely signed this acceptance in the following terms: "We have concluded to accept the foregoing proposition to purchase our property, and we hereby authorize you to take possession of said property immediately for the purpose of improving the same only. We, of course, accept the proposition upon the express provision that upon application made in the county court of Weld county said court shall allow the interest in said property belonging to George Seely, minor heir, to be sold for the price and upon the terms above mentioned." This was signed by Kate S. Seely and Kate S. Seely, guardian of George Seely, minor. May Seely did not sign this agreement. The company went into possession of the property and erected improvements thereon. On the 2d of July the company and the owners of the land executed deeds; Kate S. and May H. Seely executing a warranty deed for three-fourths interest in the property to the company, and the company executing a trust deed back to secure the payment of the purchase money, but these deeds were not recorded until several months afterwards.

The judgment must be reversed, with directions to the district court to modify the decree. The deed of trust executed by The Seely Lake Recreation and Amusement Company is superior to the lien of material men on the interest of May H. and Joseph B. Seely. The lien claimants are, however, entitled to have the land sold subject to incumbrances to pay their debt. They are also entitled to have the buildings in which this material was used sold to satisfy their debt. We are satisfied that the proceedings, as far as Kate S. Seely is concerned, were regular, and that the complaint was sufficient and that the evi-

dence sustains the judgment and decree. We think the complaint sufficiently describes the land on which a lien is claimed and that it sufficiently describes the lien statement filed and recorded; that the lien statement was not prematurely filed, and that the averment that the land sought to be made subject to the lien is necessary for the convenient use and occupation of the buildings is not a material averment in the complaint when it contains an averment that the materials furnished were used in the erection of buildings upon the described land. If the owners of the land desire to contest the claim of the lienors, they may, by proper pleadings, question the right to subject the amount of land claimed; and, although the lienor is only entitled to the quantity of land necessary for the convenient use and occupancy of the buildings erected, it will be presumed, in the absence of pleading or proof to the contrary, when the complaint describes the land by legal subdivisions and avers that the buildings were erected thereon, that the land described is necessary for the convenient use and occupancy of the buildings. Kate S. Seely authorized The Seely Lake Recreation and Amusement Company to enter into possession of the land for the express purpose of making improvements thereon, and she must be held to have had knowledge that the improvements were being erected. It was incumbent upon her, if she desired to avoid liability for the value of the improvements, to have posted the notice required by section 5 of chapter 118, Laws of 1899. The effect of Mrs. Seely's failure to give the notice required by statute is to make the lien for materials superior to her portion of the incumbrance given to secure the purchase price.

As May H. Seely and Joseph S. Seely are not shown to have had knowledge that the improvements

were being made, their portions of the incumbrance are superior to that of the lien claimant.

The judgment is reversed, with directions to the district court to modify the decree as herein indicated.

CHIEF JUSTICE GABBERT and Mr. JUSTICE CAMPBELL concur.