[No. 5096.]
[No. 2669 C. A.]

## PERKINS v. BOYD.

1. Mechanics' Liens—Lien Statement—Foreclosure—Pleading—
   Complaint—Amendment.

   Where the lien statement filed by a material man covered but one whole lot, an amendment to the complaint in foreclosure proceedings so as to include a part of another lot, upon which a portion of the improvements were made for which the material was furnished, cannot have the effect of amending the lien statement so as to warrant a decree of sale against both the whole lot and such portion of another.—P. 267.

2. Mechanics' Liens—Cessation from Labor—Time Within
   Which to File.

   Section 3, c. 117, Sess. Laws 1893, requires the lien of material men to be filed within 30 days after the completion of a contract, also provides that cessation from labor for 30 days upon an unfinished contract shall be deemed equivalent to a completion thereof. Held, where work ceased on a contract November 6 and was not resumed until December 27 of same year, that a material man filing a lien statement on December 10 was in time.—P. 267.

3. Mechanics' Liens—Property Subject to Lien.

   Where material was furnished for improvements built upon one whole lot and a part of another lot, and the material man included only the whole lot in his lien statement, he is entitled to have his whole claim paid out of such lot, no other interest having intervened.—P. 268.

*Appeal from the District Court of El Paso County.
Hon. Horace G. Lunt, Judge.*

Action by John Boyd against Edith H. Perkins. From a judgment for plaintiff, defendant appeals.

*Modified and remanded.*

Mr. CHARLES J. PERKINS, for appellant.

Mr. JOHN BOYD, *pro se.*

Mr. JUSTICE STEELE delivered the opinion of the court:

The action is brought to foreclose a mechanic's lien upon two lots, and buildings and improvements thereon, in the town of Manitou. The lot numbered 17 is owned by Edith H. Perkins; ten feet of the adjoining lot 16 is owned jointly by Edith H. Perkins and Charles J. Perkins, her husband. Mrs. Perkins, through her husband, as agent, entered into a contract with the firm of Richardson & Stover for the building of a stone foundation for a residence and for the construction of a stone wall to retain an embankment on the lots. The contractors abandoned their contract, and the owners were required to employ others to complete the work. Within thirty days after the abandonment of the contract, Boyd, a material man, for himself and others who had performed labor, filed his lien statement claiming a lien upon lot 17. The cause was referred to a referee, and the court rendered judgment in favor of the lien claimant. From this judgment the cause was taken to the court of appeals for review, where the judgment was reversed and the cause remanded. The district court again rendered judgment against the owner of the lot, who appealed the cause to the court of appeals. Stipulations were entered into by the parties with reference to the testimony given at the first trial, and as the report of the referee is made a part of the bill of exceptions, we shall regard it as having been approved by the court and made the basis, with testimony taken at the last trial, of the court's judgment. The report found that at the time of the service of notice upon the owner there was in her hands, then due and owing and unpaid to the contractors for stone work, labor and material, $235.15. The court rendered judgment in favor of

plaintiff and against the contractors for the sum of $314.85, and ordered the lots mentioned in the complaint to be sold to satisfy a lien of plaintiff's against them in the sum of $272.80.   The lien statement filed covers lot 17 only; the decree orders the sale of lot 17 and a part of lot 16.   No authority has been cited which permits a lien to attach to property other than that mentioned in the lien statement.   Although the complaint was amended so as to include the portion of lot 16, that amendment, we think, cannot have the effect of amending the lien statement; and as the judgment embraces more property than is contained in the lien statement, we must direct a modification of the judgment.   The referee found that the lien statement was filed within thirty days after the abandonment of the work by the contractor, and also found that all work ceased on the said walls and coping stone contract for more than thirty days after November 6th, 1897, and that no work was resumed thereon until on or about December 27th, 1897.   The lien statement was filed December 10th, 1897.   So that, whether we regard the abandonment as the completion of the contract work or not, the plaintiff's lien statement was filed within the period fixed by section 3, chapter 117 of the laws of 1893, which requires the lien of material men to be filed within thirty days after the completion of the contract, and provides that cessation from labor for thirty days upon any unfinished contract shall be deemed equivalent to a completion thereof.

It appears that the material was used partly upon lot 17 and partly upon lot 16.   The foundation for the dwelling was wholly upon lot 17; the retaining wall extended over the line of lot 17 ten feet into lot 16.   The parties stipulated that ''The east side retaining wall is wholly situated on lot 16, and that ten feet of the easterly end of the main retaining

wall is wholly situated on lot 16." One of the witnesses testified: "The retaining walls are on the outside on the lots. * * * The house is situated pretty near the center within the retaining walls. The walls were erected to protect yard; to protect the soil that was filled in on the inside, to grade it, to make a lawn. * * * It was to grade it, to fill up and make a lawn, to level up the yard to these walls. It is all one yard."

The plaintiff, had he included lot 16 in the lien statement, would have been entitled to a lien upon both lots for all the material furnished and labor performed; and under the facts disclosed here, the case involving no other interest than that of the owner of lot 17 and the material men and laborers who built the improvements upon the property used by the defendant for a dwelling house, the plaintiff should have his entire debt paid out of lot 17, although it appears that a portion of the indebtedness was incurred for the improvement of the east ten feet of lot 16.

The district court is directed to modify its decree as herein indicated. Neither party shall recover from the other costs incurred in this court.

*Modified and remanded.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE CAMPBELL concur.