[No. 5413.]
[No. 3070 C. A.]

FOLEY v. COON ET AL.

1. **Mechanics' Liens—Enforcement—Compliance with Act—Burden of Proof.**

In a suit to enforce a mechanic's lien under Sess. Laws 1899, c. 118, requiring the filing of a lien statement within a certain time, the burden is on plaintiff to prove that he filed the lien statement within the prescribed period.—P. 434.

2. **Appellate Practice—Findings and Verdict—Conclusiveness.**

An appellate court will not disturb the findings of the trial court or the verdict of a jury merely because the evidence is in conflict; and, if there is sufficient legal evidence upon which the verdict or finding can rest, it will not be set aside.—P. 435.

3. **Appellate Practice—Pleading—Striking Out—No Objection Below—Effect.**

Where plaintiff did not object below to the striking out of certain allegations of his amended complaint, he cannot raise such objection on appeal, nor rely on the cause of action so stricken out.—P. 436.

*Appeal from the District Court of Pueblo County. Hon. N. Walter Dixon, Judge.*

Action by T. H. Foley against W. H. Coon and Joseph Y. Levie. From a judgment for defendant Levie, plaintiff appeals.          *Affirmed.*

Mr. H. P. VORIES, for appellant.

Mr. L. A. CRANE, for appellee Levie.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Defendant Coon, a builder, made a contract with defendant Levie to put a second story on a previously existing one-story building standing on lots owned by the latter, and plaintiff Foley furnished Coon, the principal contractor, with materials that went into the work of construction. Foley brought this action against the builder and the owner to recover against the former the value of the materials, and to make the amount of his recovery a lien upon the property of the latter. Judgment went for plaintiff against the builder, from which the latter has not appealed. The court denied the lien against the owner. Plaintiff appeals.

The only point for determination concerns the rightfulness of the judgment disallowing the lien, and the only question that plaintiff is in position to raise on this appeal is the sufficiency of the evidence to sustain the finding as to the time when the building was completed.

The lien is sought to be enforced under the mechanics' lien act of 1899 (Session Laws 1899, p. 261). Section 9 of the act requires liens of sub-contractors and material men to be filed for record after the last labor is performed or last material furnished for which the lien is claimed, and at any time before the expiration of two months next after the completion of the building, or structure, while liens of principal contractors must be filed within three months next after such completion.

Plaintiff filed three complaints. In the original and first amended complaints, and in his lien statement, he describes himself as a sub-contractor, and rests his right to a lien upon the contract which he made with Coon, the principal contractor, which, under the statute, makes plaintiff a sub-contractor. In the second amended complaint, besides the facts constituting plaintiff's cause of action as a sub-contractor, one based on plaintiff's contract with Coon alone, were allegations appropriate to a cause of action by a principal contractor, one based on plaintiff's contract with Coon and Levie jointly. The object of the latter averments was to make a case within that clause of section 9 which gives to a principal contractor three months next after the completion of the building, or structure, in which to file his lien statement. The court, on defendant's motion, struck from the second amended complaint such new averments, and plaintiff made no objection, and took no exception, to this ruling.

The principal question of fact to which the evidence was directed was upon the controverted issue of the time of the completion of the addition to the building. The burden was on plaintiff to prove that he filed his lien statement within the prescribed statutory period.—*Stidger v. McPhee,* 15 Colo. App. 252. A number of witnesses for plaintiff testified, in ef-

fect, that the addition was not completed until about the 4th of December, 1902, while a number of witnesses for defendant fixed such time about the 20th of the previous October. The lien statement was filed January 4, 1903. The trial court found upon this disputed testimony that the building was completed October 20th, and as this was more than two months before the lien statement was filed, the lien was disallowed.

The established rule in this jurisdiction, and this case does not come within any of its recognized exceptions, is that an appellate court will not disturb the findings of the trial court, or the verdict of a jury, merely because the evidence is in conflict. If there is sufficient legal evidence upon which the verdict or finding can rest, it will not be set aside. Were it necessary to review the evidence in detail, it might not be difficult to show that some of the pronounced apparent differences between the witnesses for the respective parties could, at least in part, be reconciled, or explained, without, in the least, weakening the court's finding. We cannot disturb the judgment based on the finding.

Equally untenable, both on its merits, and because it is not properly saved, is another contention that plaintiff is to be regarded as a principal contractor. The closing part of section 1 of the lien act makes it the duty of the owner of property in certain cases to file the contract, or memorandum thereof, between him and the principal contractor, containing certain matters, with the county recorder of the county, and in case of a failure to do so, labor done and materials furnished by all persons before such contract or memorandum is filed, shall be deemed to have been done at the personal instance of the owner; in other words, the owner is thereby made a principal contractor.

A principal contractor, as has already been said, is, by section 9, allowed three months next after the completion of the building in which to file his statement. If, therefore, plaintiff is a principal contractor, his lien statement was filed within three months after October 26th, the time when the defendant claims the building was completed.

There is no such issue in this case. Plaintiff, in his lien statement, declared himself a sub-contractor, and did so in the first two complaints. In the second amended complaint, the allegations whereby plaintiff claimed a lien as a principal contractor were, on motion of defendant Levie, stricken out by the court on the ground that a cause of action different from that contained in the original complaint was thereby pleaded. Plaintiff did not object to the ruling of the court striking out this cause of action from the second amended complaint, and cannot raise any such objection here.

Perceiving no prejudicial error in the record, the judgment is affirmed.    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.