Cunningham, Judge.
March 2, 1905, appellant brought suit in the county court of Gilpin county to foreclose its mechanic’s lien on a portion of the Hamlet Lode claim, a lease-hold interest therein alleged to belong to the Hillside Mining and Milling Company, and the improvements and fixtures, consisting of buildings and mining machinery situate on said claim. To this complaint defendant Frank answered, alleging ownership of the buildings and machinery. The Centennial Tunnel Mining Company answered, admitting ownership of the real estate, and denying ownership of the fixtures or equipment of the mine, and denied the remaining material allegations of the complaint. Brereton answered, disclaiming any interest in the property. Judgment went in favor of all the defendants except W. H. Simmons,- and the lien was discharged. Appeal was taken to the district court, where an amended complaint was filed on January 16th, 1909. As to the regularity of the proceedings whereby the amended complaint was filed, we need not inquire, as no question is presented for our consideration concerning that feature. The Hillside Mining and Milling Company *177 was made a party to the amended complaint, which contained the following allegations pertaining to said company: “That it was a Colorado corporation; that it was in possession of and working the Hamlet lode as lessee, and had a leasehold interest in said premises; that it held and owned certain mining machinery and fixtures located on said claim, and essential to the operation thereof (describing them); that the goods, wares and merchandise for which the lien was claimed had been furnished by appellant to the said Hillside company; that there was a balance of $430.87 due and unpaid from the said Hillside company to appellant; that the material and merchandise furnished the said Hillside company were consumed by it while working and developing the Hamlet lode claim, and the same were so furnished and so used with the knowledge of The* Centennial Tunnel Company, and of its president. The name of W. H. Simmons appears in the caption of the amended complaint in the same way in which it appeared in the original complaint, namely, “W. H. Simmons, doing business under the name of The Hillside Mining and Milling Company.” Otherwise the said Simmons’ name does not appear in the amended complaint, except in the lien statement, which is set out in full, but which, of course, constitutes no part of the allegations thereof. In the lien statement thus set out in-the amended complaint, it is stated that “appellant nor its agents or attorney is able to obtain knowledge or information sufficient on which to base a belief as to whether the said Hillside Mining and Milling Company operated under’that name, as lessee above named, by ~W. H. *178 Simmons, was .a corporation sole or aggregate, or a partnership so operated by said W. H. Simmons.”
It further appears in the lien statement that the merchandise for which the lien was claimed, was furnished “at the instance and request of the said •W. II. Simmons, doing business under the name of The Hillside Mining and Milling Company, while the said ~W. H. Simmons, as such Hillside Mining and Milling Company, was in actual operation of said mine under lease and bond.”
It further appears from the lien statement “that this lien is claimed for and on account of material * * * furnished said W. II. Simmons, while he was doing business under the name of The Hillside Mining and Milling’ Company ’* * * at the instance and request of the said W. II. Simmons * * * that all of said materials * * * were furnished at the special instance and request* of the said W'. H. Simmons, under the name of The Hillside Mining and Milling Company,” etc.
The same or similar allegations with reference to the relation of Simmons to the lien claimant and The Hillside Company, appear through the lien statement.
The appellees, the Centennial and the Hillside companies, and Frank, filed separate demurrers. Brereton, having disclaimed in the county court, made no appearance in the district court, and Simmons made no appearance in either court. The demurrers of the defendants, and each of them, were sustained in the district court, and the plaintiff, declining to plead further, but electing to stand on his amended complaint, judgment was entered in favor *179 of each of said defendants so demurring, from which judgment the case is brought to this court on appeal for review. We will consider the demurrers in their order.
1. The only allegation as to the defendant, Frank, was:
“This plaintiff further alleges that since filing said lien statement, it has been informed that .said defendant, W. C. Frank (who was not mentioned in the lien statement) claims some interest of record in the above described property, or some part thereof.”
No effort was made to state 'the nature of Frank’s interest, nor was it alleged that said interest was subject or inferior to plaintiff’s lien claim. It appears from the allegation that Frank’s claim of interest was a matter of record, hence presumably accessible to plaintiff. Appellant quotes the following from section 4035 R. S.:
“The owner or owners of property to which such lien shall have attached, and all other parties claiming of record any right, title, interest or equity therein, whose title or interests are to be charged with or affected by such a lien, shall be made par-' ties to the action.”
While the statute requires that Frank (claiming a right of record) should be made a party, it does not relieve appellant from the' duty ordinarily devolving upon a plaintiff, of stating a cause of action against one whom he hales into court.
Delahay v. Goldie, 17 Kans., 263; Tobenkin v. Piermont, 114 N. Y. S., 948; San Juan Hdw. Co. v. Carrothers, 7 Colo. App., 413.
*180 Counsel for appellant call attention to the fact that the San Juan Hardware Company ease was brought under the lien act of 1883, which did not require third persons, not lien claimants under the act, to be made parties, as does the act of 1899, under which this action was brought. Nevertheless, we think the general rule which requires that a cause of action shall be stated against one who is made a defendant, is reasonable, and should and does obtain under the act of 1899. It is clear that section 4035 E. S. does not, at least in terms, relieve the plaintiff from such duty. Had the legislature desired or intended so to relieve a plaintiff bringing his action under the act, it would doubtless have employed apt words to effectuate such purpose, as it did do in the succeeding act, relating to other lienors, who base -their claim upon the act in question. Section 4036 E. S. provides:
"It shall be sufficient to allege in the complaint, in relation to any party claiming a lien, when [whom] it is desired to make a defendant, that such party claims a lien under this act upon the property described.”
Moreover, it is not alleged that Frank claimed an interest. Had Frank denied the allegation, no material issue would have been thereby raised. -Whether the plaintiff had, or had not, been informed that Frank claimed an interest, was a matter of no consequence. The demurrer was filed and sustained, not on the trial, but before answer, hence plaintiff was afforded every reasonable opportunity to amend its complaint, but declined so to do. The demurrer was properly sustained, and the judgment in favor of Frank correctly pronounced.
*181 2. We will next proceed to consider the action of the trial court in sustaining the demurrer of the defendant The Centennial Tunnel and Mining Company. This demurrer was based upon three g’rounds:
(1) The alleged insufficiency of the complaint to state a cause of action.
(2) The alleged insufficiency of the complaint to establish a lien.
(3) The lien statement was not filed in time, and the failure of the complaint to mention any buildings, structures or improvements.
Since no personal judgment was sought against this defendant,'the first two grounds of the demurrer are not essentially different, and may be properly considered together. Counsel for the mining company contends that a lessee may not bind a lessor or fasten a lien upon the latter’s property by the purchase of material to be used in working the same under a lease, and cites several cases decided by the supreme court of this state prior to the mechanic’s lien act of 1899 (under which this action is brought). Among the cases cited is Williams v. Eldora Enterprise G. M. Co., 35 Colo., 127. This case cites and follows the case of Wilkins v. Abell, 26 Colo., 262, wherein the doctrine is laid down that the mere relation of lessee and lessor is not of itself sufficient to bind the interest of the lessor on a contract for work and labor or material furnished for the benefit of the lessee. It is believed that the amendment of the act of 1899 supplies the deficiency of the previous acts, and under the later act a lessor’s interest may be bound by a contract with the lessee when the lessor has notice and takes no action to prevent the lien attaching. In other words, *182 by virtue of the statute of 1899, when a lessor lias notice of work being.done or material furnished for the benefit of a lessee, which tends to enhance the value of the former’s property, he must take steps to prevent a lien from attaching, and, upon a failure to act in the matter, he will be deemed to have assented to the work being done, or the material being furnished, and thereby adopt the act of the lessee as his own, and be estopped subsequently from denying the rights of the lienor under the statute. So far as we are advised, the constitutionality of this provision of the 1899 act has never been passed upon by the courts of review in this state, and inasmuch as this question is not raised or argued in this case, it will not be considered.
The amended complaint under which the cause was tried, and the lien statement, charge, among other things:
“That the said material so described and so furnished to said defendant, The Hillside Mining and Milling Company, a corporation, were consumed by said defendant, The Hillside Mining and Milling Company, a corporation, while working and developing the said property of the Hamlet Lode mining claim above described, and were so used and consumed in the working, preservation, prospecting and developing of said mining claim while the same was yielding precious metals, to-wit, gold and silver, or for the working, prospecting, preservation and development of said lode in search of said metals.”
Paragraph 16 of the complaint (which closely follows the lien statement), further alleges that the materials “so furnished as aforesaid were actually furnished and used with the knowledge of the said *183 Centennial Tunnel and Mining Company * * * and that said defendant corporation * * * actually had notice of the furnishing of all. of said goods, wares and merchandise as above set forth, and that the same were used and consumed in the preservation, prospecting, working and developing the premises above described.”
The complaint and statement seem to be amply sufficient as to the allegation of notice to the lessor; certainly they are sufficient in this respect as against a general demurrer.
Complaint is next made by the mining company that there is no allegation in the amended complaint that the defendant failed, within five days after it had obtained notice of the furnishing of the material, to give notice that its interest would not be subject to any lien for the same. As we view it, this provision of the statute was enacted for the benefit of the lessor, and constitutes an affirmative defense, which, in order to avail himself of, the lessor must himself plead. This view finds support in the case of West Coast Lumber Co. v. Newkirk, 80 Calif., 275; 22 Pac., 231, wherein it is said:
“We do not think it necessary that it should be averred (in the complaint) that the owner of the realty did not give notice that he would not be responsible for the construction of the building. Such notice * * * if given, is a matter of defense to be set up by the defendant.”
3. It is further contended that the complaint is fatally defective in that it fails to charge that by the terms of the lease under which, it is alleged, the property was being worked, any improvements or development was required or authorized. The *184 complaint does charge that the material for which the lien is claimed was furnished to the lessee, and by it used and consumed in the development, prospecting and preservation of the mining property, all with the full knowledge of the owners thereof. This, we think, is sufficient as against a general demurrer, at least. If the defendant company believed that the complaint was ambiguous or indefinite as to the basis of the plaintiff’s claim, and it could not determine from the complaint whether plaintiff proposed to rely upon improvements or developments made under the specific terms of a written lease, or made by implied authority from the lessor, a general demurrer was not the proper procedure to reach such supposed defect.
4. We can not assent to the contention made on behalf of the mining company that, by the complaint, appellee was a sub-contractor, and, therefore, shall not consider the authorities cited and the discussion indulged in on that point. In view of the character of the work, which consisted, according to the complaint, in the developing, preserving, prospecting, protecting and working of a mining-claim, it was not essential that the complaint should mention or describe the buildings or structures in the erection of which the articles sold were used. If the defendant desired more specific information as to the character of the development or improvements which the merchandise sold by appellant to its lessee had advanced, or to which it had contributed, its remedy was by motion.
5. The lien statement charges that the merchandise for which the lien is claimed was furnished to W. II. Simmons, while he was doing- business *185 under tlie name of The Hillside Mining and Milling Company, and that the same were furnished at the instance and request of the said W. H. Simmons. The -said W. H. Simmons is also described in the lien statement as the lessee of the property, but doing business under the name of The Hillside Mining and Milling Company, but the lien statement contains this further allegation:
“That neither this claimant, The Clark Hardware Company, or its agents or attorney, is able to obtain knowledge or information sufficient on which to base a belief as to whether said Hillside Mining and Milling Company operated under that name as lessee above named by said W. IT. Simmons was a corporation sole or aggregate or a partnership so operated by the said W. H. Simmons.”
The original complaint in the county court closely followed the lien statement, and prayed judgment against Simmons. The amended complaint in the district court contains no prayer for judgment against Simmons, but asks for a judgment against the Hillside Mining and Milling Company, and alleges that the same is a corporation. The circumstances of the substitution of the Hillside company in the amended complaint has already been alluded to. Complaint is now made by the defendant, The Centennial Tunnel Mining Company, that there is a variance between the allegations in the lien statement and those contained in the complaint in respect to the party to whom the goods were sold, and who held and operated the lease, and it is contended that by this variance the lien' statement names one party as a contractor, while the amended complaint names an entirely different party. We have already *186 said tliat we did not regard the plaintiff as a subcontractor, nor do we regard the lessee as a contractor. It is by treating the lessee as the original contractor that appellee, The Centennial Tunnel Mining Company, reaches the conclusion that the appellant was a sub-contractor. We think no possible harm did or could come to the defendant by this substitution in the amendment of the complaint of The Hillside Company for Simmons, or by the alleged variance. Moreover, we do not discover that any objection was made to the amendment of the complaint, after the case had reached the district court, whereby, upon application of appellant, The Hillside Mining and Milling Company, was made a party under its corporate name, and the complaint was amended apparently without objection, so as to charge that the material was furnished to The Hillside Mining and Milling Company rather than to Simmons, and that said company, rather than Simmons, was the lessee of the mining property, and was actually operating the same. This amendment was made by motion supported by affidavit.
Revised Code, section 82, and section 4036 R. S. of the lien act under which this case was brought, is warrant sufficient for such amendment. See also, Jones v. Pearl Mining Co., 20 Colo., 423; Western Ry. of Ala. v. Sistunk, 85 Ala., 352; 5 So. 79; Anglo Amer. P. & P. Co. v. Turner Co., 34 Kans., 340; 8 Pac., 403; Farris v. Merritt, 63 Calif., 118.
6. The allegation of the amended complaint as the same affects the time for filing the statement, is:
“That the first of said materials were so furnished to-said defendant on the first day of July, 1903, and the last thereof on the 27th day of Oc *187 tober, 1904. That on the 23rd day of December, 1904, and within two months of the time when the last of said materials were furnished, said plaintiff filed for record in the office of the county clerk and recorder of said Gilpin county, a lien statement, which is in words and figures as follows, to-wit.”
Here setting up the lien statement in full. Thus it is made to appear by the complaint that the lien statement was filed within the time prescribed by section 4033 E. S. We are convinced that the trial court committed error in sustaining the demurrer of The Centennial Tunnel Mining Company.
7. The ruling of the trial court on the demurrer of the defendant, The Hillside Mining and Milling Company, alone, remains for consideration. The sustaining of this demurrer was clearly erroneous, for the reason that this defendant, in its demurrer, nowhere claimed that the complaint did not state facts sufficient to constitute a cause of action against it personally for the amount alleged to be due upon the goods, but only asserted by its demurrer (a) that the amended complaint was insufficient to support a lien (b) that the action was not commenced within the time prescribed by statute (c) that the statement was not filed for record within the proper .time; thus it will be seen that the demurrer of this defendant attempted to reach matters limited entirely to the validity of the lien as affecting its property. But if the lien statement be void, for any or all the reasons suggested in the demurrer, still the complaint stated a cause of action against this defendant for the balance due on the store-account. The complaint, as to this defendant, The Hillside Mining and Milling Company, was not subject to *188 demurrer upon any of the seven grounds prescribed by section 56 of the Revised Code, unless possibly the fifth, but the demurrer does not purport to be based upon the ground that several causes of action have been improperly united. If the lien statement was not filed in time, or if the right to foreclose it was barred by the statute when the action was brought, or if the amended complaint was insufficient on its face to entitle the plaintiff to a lien upon the property of this defendant, its rights in this behalf can be amply protected by proper objections when the lien statement is offered in evidence; and there may be other proper methods whereby the defendant can protect its property from the effects of the lien claimed, but the demurrer as filed is wholly insufficient for that purpose, and ought to have been overruled.
For the reasons stated, the judgment of the district court as to The Centennial Tunnel Mining-Company and the Hillside Mining and Milling Company is reversed, and the ease remanded, with directions to overrule the demurrers of said defendants to the complaint, and for further proceedings in harmony with the views herein expressed.

Reversed With Directions.