King, J.,
delivered the opinion of the court.
The plaintiff in error, as plaintiff below, brought its suit to- re-cover judgment against the defendant N. West for labor performed at the instance and request of said West, to establish and enforce a mechanic’s lien for the said labor as against the Modern Smelting and Refining Company, and to- foreclose any rights which the defendant Powell, as subsequent encumbrancer, had or claimed in the premises of the Smelting Company. The complaint alleged that the said West was employed by the defendant company as a -contractor for the construction and erection of a part of a smelting plant on said premises, and that, as such contractor, he employed the plaintiff. The lien statement as provided by statute was duly made, served and recorded by the plaintiff. Plaintiff had judgment against said West for the amount of its claim, but its complaint was dismissed as to the other defendants, and its right to a lien denied.
We are unable to determine upon what theory the trial court arrived at the conclusion that plaintiff was not entitled to- a lien, and we know of no theory upon which the judgment can be sustained. It is clearly shown by the evidence, and, indeed, it is not disputed, that plaintiff performed the -services as alleged, at the instance and request of the defendant West; that during all of said time, said West occupied the relation o-f a principal contractor, or sub-contractor, to the defendant company; that he was a principal contractor for the erection of a portion of said works, under a written contract, by which he was to receive the sum of $1,815; that thereafter he was *137 sub-contractor, under a written contract between the Vulcan Sheet Metal Company and the defendant Smelting Company, by which the Vulcan Company agreed to furnish and erect certain materials, machinery, etc., for the sum of about $3,500; during the .time that plaintiff performed the labor and rendered the services, for which the action is brought, it supposed that it was working directly at the instance and request of the Smelting Company, and made its charges for such services to the company direct; but on endeavoring to collect for the services rendered, learned that West was not connected with the company, except as contractor or sub-contractor.
The Mechanic’s Lien Act, section 4580, Mills’ Ann: Stats. *912, section 4025 Rev. Stats. 1908, gives a lien upon the property, to every laborer, for his work done upon any building or other structure or improvement upon land, “whether done or bestowed at the instance of the owner of the building or other improvements, or his agent;” and further specifically provides that every contractor, sub-contractor or other person having charge of the construction, either in whole or in part, of any building or other improvement, shall be held to be the agent of the owner for the purposes of the act. Under these provisions, the defendant West, whether as principal contractor or - as sub-contractor, was the agent of the owner; and for the purpose of maintaining this lien in favor of plaintiff, it is wholly immaterial whether the agency of West arose, in contemplation of law, from his relation of principal contractor, or as sub-contractor. As the statutory agent of the owner, he employed the plaintiff to perform the services and labor which he did perform, and thereby the liability of the Smelting Company to the plaintiff, for the purposes of a lien, was fixed, and the defendant company cannot escape its liability upon the sole contention that in bringing the suit the plaintiff failed to allege that it was employed a part of the time by West, as principal contractor, and the remainder of the time by West, as sub-contractor. Perhaps a *138 different question might arise upon the pleadings if the contractor and the sub-contractor had been different persons.
Furthermore, the evidence shows that the contracts for the work, between the owner and the contractors, were in. excess of $500, and that such contracts were in writing, but it does not appear that either of the said contracts, or a memorandum thereof, was filed' in the office of the County Clerk and Recorder of the county in which the property sought to-be subjected to the lien, or any thereof, was situated; but it is. shown that the contract between the defendant West and the defendant company was not recorded. The statute provides that in case such contracts or memorandums thereof are not filed;, the labor done shall be deemed to have been done and furnished at the personal instance of the owner, and that the laborer shall have a lien for the value of his services. — Section 4580 Mills' Ann. Stats. 1912, section 4025 Rev. Stats. 1908. It was not incumbent upon the plaintiff to charge that such contracts, or a memorandum thereof, were not filed for record. If the defendant company, owner of the premises, wished to relieve itself from, liability for the labor performed under such contracts, it was necessary that it should show that the contracts were in writing, and such contracts, or a memorandum thereof, filed for record’. It is a matter of defense. — Great Western Sugar Company v. Gilcrest, 25 Colo. App. 1, 136 Pac. 553. The plaintiff maintained its right to a lien, whether by proof of labor performed at the instance and request of the statutory ag-ent of the defendant company, or at the personal instance and request of the owner, by reason of its failure to comply with the requirements of the statute as to filing the written contracts.
The complaint alleged that the defendant Powell was. the holder of an encumbrante upon the property upon which the lien was claimed, but that said encumbrance was subject to and inferior to the rights and lien of .the plaintiff. Flaving alleged the Powell encumbrance, it was necessary for plaintiff to- prove that it was inferior to its lien. In this respect, plain *139 tiff failed to- make a case against Powell. The only encumbrance in evidenc'e is a mortgage, which is senior and superior to plaintiff’s lien; and although there is some evidence tending to show that the note secured by the mortgage had been paid, the evidence in that respect is conflicting, and it may be assumed that the trial court found that the note had not been paid.
Decided May 11th, A. D. 1914.
Rehearing denied June 8th, A. D. 1914.
The judgment will be reversed and the cause remanded, with directions to' the trial court to enter judgment in favor of the plaintiff, and against the defendant The Modern Smelting and Refining Company, in accordance with the prayer of the complaint; and against the defendant Powell as to the buildings, structures, erections and improvements made upon the lands described in the complaint After the date of the .record of his mortgage encumbrance, and the machinery and fixtures used in connection therewith, and upon which the labor of the plaintiff was done and performed; but in favor of the defendant Powell to the extent that his mortgage encumbrance is a lien senior and superior to that of the plaintiff as to the land described in the complaint and the mortgage.

Reversed and Remanded.