### No. 10,017.

PLATTE VALLEY LUMBER COMPANY *v.* COURTRIGHT.

Decided April 4, 1921.

Action to foreclose mechanic's lien for material furnished.   Judgment of dismissal.

*Reversed.*

1. MECHANICS LIEN—*Material Men—Principal Contractor—Time for Filing Statement.*  One who furnishes material to the owner for the construction of a building is a principal contractor and has three months from the date of the completion of the structure within which to file a lien statement.

*Error to the County Court of Logan County, Hon. W. Mabry King, Judge.*

Messrs. MUNSON & MUNSON, for plaintiff in error.

Messrs. COEN & SAUTER, for defendant in error.

MR. JUSTICE WHITFORD delivered the opinion of the court.

THIS is an action to foreclose a mechanic's lien for materials of the value of $989.41, furnished by plaintiff in error at the instance of defendant Bacon, who was the immediate grantor of the defendant in error Courtright.

A jury was impaneled to try the case and at the conclusion of plaintiff's testimony the court granted a non-suit and dismissed the complaint as to Courtright and entered judgment against Bacon as prayed for in the complaint. Plaintiff brings error as to the judgment of non-suit.

Bacon was a carpenter and builder and procured credit for the material from The Platte Valley Lumber Company to construct a house on his lot. The material was delivered on these premises by plaintiff in error, between December 27, 1919, and March 17, 1920. In February Bacon conveyed the premises to Courtright.

Witness Checkel testified that he moved into, and took possession of, the premises February 13, 1920, under a contract of purchase, and that he accepted the house at that time as a completed house. Thereafter materials were furnished by the plaintiff in error for the premises, at the instance of Bacon on the 16th and 17th of March, which were used by him personally in the work which he performed in constructing a back porch and a coal house. Checkel testified that this latter work was done under a separate contract between himself and Bacon, and after he had moved into the house and accepted it as completed.

The lien statement was filed May 13, 1920. On the motion to dismiss the court held that under the law a material man has only sixty days in which to file his lien statement, after the completion of the building, and as the material furnished during the month of March was not furnished at the request of the owner or his agent, the lien statement was filed too late.

Section 4580 of Mills Ann. Stat. 1912 provides that material men furnishing materials to be used in the construction of any building shall have a lien upon the property for which they have furnished materials, for the value of such material furnished, whether at the instance of the owner or of any other person acting by his authority, or under him as agent, contractor, or otherwise.

Section 4588 provides:

"Every person given a lien by this act whose contract, either express or implied, is with the owner or reputed owner or his agent or other representative, shall be a principal contractor and all others subcontractors."

Section 4589 provides:

"The lien statements of all other principal contractors

must be filed for record as aforesaid after the completion of their respective contracts and at any time within three months next after the completion of the building, structure or other improvement. * * * and in case of contractors, the occupation or use of the building, improvement or structure by the owner, or his representative, or any other person with the consent of the owner or his agent, or the acceptance by said owner or his agent of said building, improvement or structure, shall, for the purpose of this act, be deemed conclusive evidence of completion."

As the contract to furnish the material for the construction of the house was between the Platte Valley Lumber Company and Bacon, the owner, the plaintiff in error was, in virtue of the statute, a principal contractor. It, therefore, had three months after the completion of the building in which to file its lien statement. The testimony of the plaintiff in error was to the effect that the building was accepted and occupied as completed, on February 13, 1920, and that the lien statement was filed for record May 13, 1920, so that it appears that the lien statement was filed within the time fixed by the statute. The court should have heard all the testimony in the case.

It is not deemed necessary to pass upon the other assignments of error.

Reversed and remanded.

Mr. Justice Teller and Mr. Justice Denison concur.