### No. 12,734.

Mortgage Brokerage Company et al. *v.* W. B. Barr Lumber Company et al.
(16 P. [2d] 32)

Decided October 17, 1932.   Rehearing denied November 21, 1932.

Messrs. GABRIEL, MILLS & MILLS, for plaintiffs in error.

Mr. ERNEST L. RHOADS, Mr. BERNARD J. SEEMAN, Mr. JOHN E. GORSUCH, Mr. J. W. GRAHAM, Mr. THOMAS F. McGOVERN, for defendants in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE W. B. Barr Lumber Company and the O. L. Walker Lumber Company were adjudged to have materialmen's liens upon certain real property in Denver. The Mortgage Brokerage Company was adjudged to have a trust deed lien upon said property, subject and subordinate to the liens of the lumber companies. The Brokerage Company seeks a reversal of the judgment, so far as it gives to the materialmen's liens priority over the lien of the trust deed.

Counsel for the Brokerage Company thus state the questions submitted for our determination: (1) Does one only furnishing material have more than 60 days from the completion in which to file his statement? (2) Does constructive completion, as provided for in Compiled Laws 1921, section 6450, prevail in Colorado for purposes

of determining the time when the lien statement must be filed? (3) Can materialmen furnish twice as much material as can be used in a structure and have a lien for all material furnished? (4) If none of the questions propounded above should be resolved in favor of the plaintiffs in error, was the date of actual completion late enough to bring the filing of the Walker Lumber Company statement within the statutory period? (5) Did the Barr Lumber Company prove deliveries? In discussing the questions, we shall depart somewhat from this order.

■ 1. It is said by counsel for the Brokerage Company that under section 6450, Compiled Laws, the lumber companies were required to file their lien statements within two months after the completion of the building, and that as they did not file within that time, they did not acquire liens.

In *Platte Valley Lumber Co. v. Courtright,* 70 Colo. 57, 197 Pac. 235, we held that one who furnishes materials to the owner is a principal contractor, and has three months after completion of the building within which to file his lien statement. The argument of counsel fails to convince us that we should overrule that decision. We therefore hold that the lumber companies were not limited to two months, but had three months within which to file their statements.

■ 2. The owner, Frank Eagen, moved into the building on April 14, 1928. The Barr Company filed its statement on August 3, 1928, and the Walker Company filed its statement on October 4, 1928. Section 6450, Compiled Laws, has this provision: "* * * and in case of contractors, the occupation or use of the building, improvement or structure by the owner, or his representative, or any other person with the consent of the owner or his agent, * * * shall, for the purpose of this act, be deemed conclusive evidence of completion." Counsel for the Brokerage Company contend that, by virtue of that provision, there was a statutory, or constructive, completion of the building on April 14, 1928, the date when

the owner moved into it. If that is so, the lien statements, having been filed more than three months thereafter, were filed too late.

The trial court found, and the evidence supports the findings, that the building was uncompleted when the owner moved in; that thereafter and up to and including July 6, 1928, materials were furnished and substantial work was done; that the materials were furnished and the work was done "by way of continuance of the work necessary to complete these premises"; and that the house was actually completed on July 6, 1928; and, as a conclusion of law, the court held that the time for filing the lien statements ran from that date, and that the statements of the lumber companies were filed in time. Eagen was engaged in building houses for sale. He disposed of one of the houses—the one in which he was living—and, according to the testimony, he had to move "temporarily" into the house involved in this suit. The materials were furnished and the labor was performed under contract with the owner personally, and a substantial part of the materials was delivered and a substantial part of the labor was performed under the owner's express direction and while he was occupying the building. The Legislature could not have intended that, in such circumstances, the owner's occupation of the building should be conclusive evidence of completion thereof. To apply, in such a situation, the statutory provision quoted above, relating to occupancy, would be unreasonable, and would produce results manifestly unjust—results that may be avoided by a reasonable construction of the statute. The occupation that the statute declares conclusive evidence of completion must be open, entire and exclusive, and not of such a character as would be consistent with the contractor's continuance of work in the completion of his contract. A continuance by a contractor in the work of completing his contract while the building is occupied by the owner would prevent such occupation from being regarded as conclusive evidence of completion. *Willam-*

*ette Steam Mills L. & M. Co. v. Los Angeles College Co.,* 94 Cal. 229, 239, 29 Pac. 629; *Orlandi v. Gray,* 125 Cal. 372, 58 Pac. 15.

The trial court's findings of fact on this branch of the case are supported by the evidence, and its statement of law is correct.

■ 3. Counsel invoke that part of section 6450, Compiled Laws, providing: "Any trivial imperfection in, or omission from the said work, or in the construction of any building, * * * shall not be deemed such lack of completion as to prevent the filing of any lien." It is said that the building was substantially completed more than three months before the Walker Company filed its lien statement, and that whatever was done within that three-month period was trivial. The trial court found against this contention.

After a consideration of the evidence, we conclude that the court's finding is sufficiently supported by the evidence.

4. Counsel say that the Barr Company did not prove deliveries of materials. The evidence, as we read it, sustains the trial court's finding that all the materials for which a lien is claimed were delivered at the premises.

■ 5. Counsel ask: "Can materialmen furnish twice as much material as can be used in a structure and have a lien for all material furnished?" Evidence offered by the Brokerage Company and rejected by the trial court "would have clearly shown," say counsel, "that the amount of material claimed by the defendants in error to have been delivered to the property and claimed as a lien upon this property was twice as much as could have possibly been worked into the building." And they say, also: "Clearly what happened was that Frank Eagen was building this house for his own home and was building other houses in the neighborhood which he expected to sell. The houses to be sold would have to be clear of liens so he used the method of having material delivered at the house which he would retain and upon which he

had already obtained his loans for purposes of getting additional material, all of which was a fraud upon the holders of mortgages against the property."

If there was such a scheme, and either of the lumber companies was a party thereto, and helped to carry it out by knowingly delivering twice as much material as could possibly be used in the construction of the building, its fraudulent conduct would prevent its enforcement of a lien, as against the Brokerage Company, for any amount whatever. Or, if either of the lumber companies, though not participating in such fraudulent scheme, furnished material with knowledge that some of it was to be used in the construction of other buildings, it could not, as against the Brokerage Company, enforce a lien for the material it knew was to be so used, because in that case such material could not be said to have been furnished for the purpose of being used in the construction of the building upon which a lien is claimed. C. L. §6442. By its offer of evidence, the Brokerage Company sought to support one or both of these theories. It was not permitted to introduce such evidence. This was error requiring a reversal of the judgment. It is not necessary, however, to retry the entire case, but only the questions presented by such offer of proof and discussed in this paragraph of the opinion. All other questions of fact shall stand as established. Supreme Court rule 54.

The judgment is reversed, and the cause is remanded for a new trial on the questions indicated in paragraph 5 of this opinion, and upon such questions only.

Mr. Chief Justice Adams and Mr. Justice Burke concur.