No. 18,842.

RICHARD N. GRAHAM, ASSIGNEE *v.* ANDY BRENDEN, ET AL.
(349 P. [2d] 702)

Decided February 29, 1960.

Mr. Richard N. Graham, pro se, Mr. Harry E. Carleno, for plaintiff in error.

No appearance for defendants in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

The parties to this writ of error appear here as in the trial court. We shall refer to them by name.

Graham as the assignee of a Lumber Company on October 11, 1956, filed a mechanic's lien against the premises owned by defendant Berman in the sum of $782.46. The lien recited that it was for "furnished materials integrated into improvements" on the Berman property.

The materials were allegedly furnished by the Lumber Company to Brenden, who served as contractor, and were called for by his employees and hauled from the lumber yard by them.

Graham brought suit on January 8, 1957, against defendants seeking foreclosure of the lien. Defendant Brenden suffered a default judgment. The remaining defendants joined issue and on a trial the findings of the trial judge were adverse to plaintiff and the action was dismissed. From the judgment thus entered Graham brings the case here on writ of error.

The following facts are uncontroverted: The property herein involved is an old two story building known as 2508 Stout Street. The first floor of said building is

divided into ten apartments. Prior to June 1, 1956, the upper floor was unoccupied. On that date Berman entered into a contract with Brenden whereby Brenden, for the sum of $2,000, agreed to remodel the premises in the following particulars: to build ten stairways from the first to second floor, one for each unit; to build ten partition walls on the second floor, one for each unit; to unite the first and second floor electrical systems in the ten units; and to remove a bathroom. He further agreed to complete the project by July 5, 1956, and to furnish a master lien waiver upon completion. This contract was not filed for record.

This remodeling was completed by Brenden on or before July 3, 1956. Berman received a lien waiver from Brenden dated July 2, 1956, and Brenden was paid in full on July 9, 1956.

■ The trial court resolved the issues in favor of the appearing defendants and dismissed the action. We are asked to reverse his findings after a complete trial in which all interested parties testified. This, of course, we cannot do if there is substantial competent evidence in the record to sustain the findings of the trial judge.

■ As above recited, the materials for which a lien is sought were delivered to workmen employed by Brenden, who according to the record had several jobs going at one time and employed from ten to fifteen men to execute them. When asked where the materials were delivered a principal witness for plaintiff's assignor testified: "They were delivered to Mr. Brenden at our yard." "Q. You have no knowledge where they go? A. No. Q. He might have taken these to some other street, is that correct, as far as you know? A. Could have. Q. You don't have any personal knowledge as to any materials on Stout Street [the subject property] at any address? A. Not that I have seen them used, no."

Berman paid Brenden in full on July 9, 1956, and witnesses testified that the Brenden work was completed several days prior to the payment, which was deferred

because Berman waited and did go on a fishing trip over the fourth of July 1956. The lien waiver which Brenden signed was dated July 2, 1956.

In the instant case there was no testimony that improvements were made on the property after the first week in July 1956. It is obvious that the Brenden contract was completed on the date specified therein, July 5, 1956.

■ The burden of proof was upon plaintiff to establish that his lien claim was filed within the prescribed period designated by the statute. *Foley v. Coon*, 41 Colo. 432, 93 Pac. 13. Under C.R.S. '53, 86-3-1, it appearing that the contract for the work exceeded five hundred dollars and was not recorded, the materialman had ninety days after Brenden's work was completed to record his lien. This, according to the record and the findings of the trial court, he did not do.

A careful review of the record discloses the nebulous character of the evidence offered by Graham, both as to the integration of these materials into the structure owned by Berman, and the contention that additional work was done outside of the Brenden contract by other persons. Such evidence does not justify a finding for plaintiff.

Let the judgment of the trial court be affirmed.