No. 21771.

THE FIRST NATIONAL BANK IN FORT COLLINS, A NATIONAL
BANKING ASSOCIATION *v*. SAM MCCLURE & SON, INC., A
COLORADO CORPORATION.
(431 P.2d 460)

Decided Sepember 11, 1967.

474

DAWSON, NAGEL, SHERMAN & HOWARD, FISCHER, FISCHER & BEATTY, JOHN W. LOW, for plaintiff in error.

KENNETH T. COLWELL, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

THIS is a writ of error brought by The First National Bank in Fort Collins, from a judgment of the District Court of Weld County foreclosing a mechanics' lien in favor of Sam McClure & Son, Inc. on farm property owned by Victor L. Denny. The parties will hereafter be referred to as the bank, McClure and Denny.

The action was brought in the court below to enforce a mechanics' lien claimed by Everitt Lumber Co., Inc., naming as defendants Denny, various mechanics' lien claimants, including McClure, the bank as holder of a second deed of trust, an insurance company holding a first mortgage, and the public trustee. A default was entered against Denny. All other parties except the bank and McClure were dismissed before the court's decree was entered. The court stated in its decree that the bank had acquired Denny's interest in the real estate, but found that Denny was the owner and in possession "at all times pertinent to the issues herein." The bank asserts the rights of the owner of the real estate described as:

The Southeast Quarter (SE1/4) of Section Twenty-seven (27) and that part of the Northeast Quarter

(NE1/4) of Section Thirty-four (34), which lies North of the Canal of Larimer and Weld Irrigation Company, all in Township Seven (7) North, Range Sixty-seven (67) West of the 6th P.M., Weld County, Colorado.

Denny ordered cement and materials from McClure, totalling $2,503.66, from March 12, 1963, until March 6, 1964, for various improvements on the farm. He paid $1,500.00 on account in January 1964. There were no deliveries between December 27, 1963, and March 5, 1964. On May 11, 1964, McClure filed a lien statement for the full balance of $1,003.66 in the office of the Clerk and Recorder of Weld County, which described the property to be charged as:

The Southeast Quarter (SE1/4) of Section Twenty-seven (27), Township Seven (7) North, Range Sixty-seven (67) West of the 6th P.M., Weld County, Colorado, but which failed to include within its description the part of the farm which was in Section 34. The statement described McClure as a subcontractor. A Notice of Lis Pendens was recorded July 15, 1964.

Trial was to the court, resulting in a judgment against Denny for $1,067.56, the full amount of the claim, plus interest and costs. The court further held the judgment was a lien against the entire property and ordered foreclosure, subject to the prior interest of the bank as assignee of the first mortgage.

The bank alleges four errors. Three of these attack the validity of the lien, on the following grounds: (1) The lien statement was not timely filed; (2) No copy of the lien statement was served on Denny, and (3) The claim was not based on a specific contract. The bank's fourth contention is that the trial court erred in ordering foreclosure against lands not listed in the lien statement.

I.

The bank first contends that the cessation of deliveries between December 27, 1963, and March 5, 1964, con-

stituted a completion under C.R.S. 1963, 86-3-9(8), which provides:

"* * * For the purposes of this article cessation from labor for thirty days upon any unfinished contract or upon any unfinished building, improvement or structure, or the alteration, addition to, or repair thereof, shall be deemed equivalent to a completion thereof."

Under the bank's theory, the improvements would be deemed completed on January 27, 1964, and McClure's lien statement filed May 11, 1964, would be beyond the three-month limit set for principal contractors in C.R.S. 1963, 86-3-9(6). McClure would then have a valid claim only for deliveries made March 5 and 6, in the total amount of $112.61.

■ The trial court found as a fact that the improvements on the Denny farm "were in the process of construction at all times between March 12, 1963, and March 6, 1964." The trial court, in effect, treated cessation from labor as an affirmative defense and put the burden of going forward on the bank. This was not error.

■ It is true that this Court has held the burden is on the lien claimant to show that his claim was filed within the statutory period. *Graham v. Brenden,* 142 Colo. 88, 349 P.2d 702; *Foley v. Coon,* 41 Colo. 432, 93 P. 13. However, these cases do not require an affirmative showing on the part of the lien claimant that there was *no* cessation from labor of 30 days or more. They did not involve C.R.S. 1963, 86-3-9(8) which creates a conclusive presumption of completion on proof of 30 days' cessation from labor. If the owner wishes to take advantage of this statutory presumption in order to be relieved of liability, the burden is upon him to come forward with sufficient evidence to justify raising the presumption. In analogous cases, where the owner has sought to avoid liability by virtue of other statutory provisions, this Court has placed the burden on the owner. See *Fisher v. McPhee & McGinnity Co.,* 24 Colo. App. 420, 135 P. 132 and *Clark Hardware Co. v. Cen-*

*tennial Tunnel Mining Co.*, 22 Colo. App. 174, 123 P. 322 (both involving posting of notice of non-liability for materials furnished to a lessee); *Kennicott-Patterson Transfer Co. v. Modern Smelting & Refining Co.*, 26 Colo. App. 135, 141 P. 144 (recording contract for more than $500); *Seely v. Neill*, 37 Colo. 198, 86 P. 334 (burden on owner to show quantity of land covered by lien was not necessary for the convenient use and occupancy of the buildings).

■■■ The record shows that the cement and materials involved were furnished by McClure under a continuous account, and the trial court found they were incorporated into improvements on the Denny farm. The fact that several mechanics' liens besides McClure's were· involved in this litigation is some indication at least that something more than cement work was involved in these improvements. On these facts, the mere cessation of cement deliveries between December 27, 1963, and March 5, 1964, is not sufficient to show a cessation from labor and raise the presumption created by C.R.S. 1963, 86-3-9(8). Whenever any labor, whatever its character, is performed on a building (or improvement) in furtherance of its completion, there is no cessation from labor. *Joralmon v. McPhee*, 31 Colo. 26, 38, 71 P. 419, 423. A contrary result is not compelled by our holding that C.R.S. 1963, 86-3-9(8) constitutes a limitation on the time for filing liens. *Boise-Payette Lumber Co. v. Longwedel*, 88 Colo. 233, 295 P. 791. In order for this section to operate as a limitation, the owner must first adduce sufficient evidence to bring himself within its operation.

II.

■■■ The bank next argues that, although McClure filed its lien as a subcontractor, it failed to serve a copy of the lien statement on the owner, or file an affidavit of non-availability for service, as required by C.R.S. 1963, 86-3-9(3). This contention is without merit. A

materialman furnishing materials directly to the owner is treated as a principal contractor under the mechanics' lien statutes. C.R.S. 1963, 86-3-8(1)(a); *Mortgage Brokerage Co. v. W. B. Barr Lumber Co.*, 91 Colo. 445, 16 P.2d 32; *Platte Valley Lumber Co. v. Courtright,* 70 Colo. 57, 197 P. 235.

The fact that McClure identified itself as a subcontractor in the lien statement does not preclude it from pleading and proving facts showing it to be a principal contractor, as that term is used in the statutes. Cf. *Burleigh Bldg. Co. v. Merchant Brick & Bldg. Co.*, 13 Colo.App. 455, 59 P. 83 (statement in the lien as to time of completion not conclusive against lien claimant). No claim is made that anyone was misled by the lien statement. Indeed, the statement, though it misapplies the statutory terms, is not necessarily misleading, since it identifies the principal contractor as "Victor L. Denny, Owner." This is sufficient to reveal the true relationship of the parties, despite the error in characterization. The purpose of C.R.S. 1963, 86-3-9(3) is to assure that the owner is given notice of liens filed by persons with whom he has not dealt directly. No purpose would be served by requiring such notice from persons with whom he has himself contracted, and none is required by the statute.

III.

The bank's contention that the lien is invalid because there was no specific contract or understanding as to the purpose for which the materials were to be used is likewise without merit. The cases cited by the bank are not applicable on the facts of this case. The trial court found as a fact that the materials were furnished for improvements on the farm owned by Denny, and that this farm was operated as a unit. Since there is evidence to support these findings, they will not be disturbed on writ of error. The fact that more than one type of improvement was involved and that no appor-

tionment was made between the various improvements does not render the lien invalid, particularly in view of the court's finding that the farm was a single unit.

## IV.

 Finally, the bank argues that the court erred in allowing a lien against part of the NE1/4 of Section 34, which was not listed in the lien statement filed by McClure, and that McClure was not entitled to foreclosure against the SE1/4 of Section 27 because most of the materials furnished were actually used on Section 34. McClure's cross-complaint correctly described the entire property comprising the Denny farm, and the trial court ordered the whole farm sold to satisfy the lien. In so doing, the court erred. Under the rule announced in *Perkins v. Boyd*, 37 Colo. 265, 86 P. 1045, no lien can attach to property other than that mentioned in the lien statement. And see, Lane, *Mechanics' Liens in Colorado* § 14 at 32. The trial court found as a fact that the subject property "constitutes a one unit farm" and that the improvements for which McClure furnished materials "were for the use of all of said real property, and all said real property is necessary for the convenient use and occupancy of such improvements." McClure would have been entitled to a lien on the entire property had he included Section 34 in his lien statement. But this does not prevent him from satisfying his debt out of part of the unit farm. Since the lien did properly describe that part of the farm located in Section 27, and since the trial court found that that part of the farm was part of a total unit benefited by the work, McClure is entitled to have his entire debt paid out of the portion of farm described in the lien statement. *Perkins v. Boyd, supra.*

The judgment is modified to limit the lien to the SE1/4 of Section 27, Township 7 N, Range 67 West of the 6th P.M., Weld County, Colorado, and as so modified the judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE SUTTON and MR. JUSTICE HODGES concur.